

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of California*

*McGregor W. Scott*
*United States Attorney*

*501 I Street, Suite 10-100*      *916/554-2700*
*Sacramento, California  95814*   *Fax 916/554-2900*
                                  *TTY 916/554-2855*

November 15, 2005

Honorable David F. Levi
Honorable William B. Shubb
United States District Court
Robert T. Matsui Federal Building
501 I Street
Sacramento, California 95814

Re:  United States and State of California ex rel. Corapi
     and Zerga v. Tenet Healthcare Corp., et al.,
     CV-S-02-2423 WBS-GGH (E.D. Cal. 2002)

     United States and State of California ex rel. Campbell
     v. Redding Medical Center, et al., CV-S-02-2457 DFL-PAN
     (E.D. Cal. 2002)

Dear Judges Levi and Shubb:

   I write to advise the court of the resolution of two pending False Claims Act cases, United States and State of California ex rel. Campbell v. Redding Medical Center, et al., CV-S-02-2457 DFL-PAN (E.D. Cal. 2002)(the "Campbell case") and United States and State of California ex rel. Corapi and Zerga v. Tenet Healthcare Corp., et al., CV-S-02-2423 WBS-GGH (E.D. Cal. 2002)(the "Corapi case").

   As you are aware, the Ninth Circuit Court of Appeals reversed and remanded the district court's dismissal of the relator in the Campbell case. The court directed the district court to consider consolidating the Campbell and Corapi cases to determine whether the first-to-file relators, John Corapi ("Corapi") and Joseph Zerga ("Zerga"), qualify as "original sources" pursuant to 31 U.S.C. § 3730(e)(4). With the settlement now reached in the cases, that inquiry will not be necessary.

Honorable David F. Levi
Honorable William B. Shubb
November 15, 2005
Page 2


The parties have agreed to a global resolution of several pending matters related to the original allegations. These matters involve the Campbell and Corapi cases; State of California, et al v. Tenet Healthcare Corporation, et al., SC-RD-CV-02-147261 (Shasta County 2002), a California Insurance Code qui tam case filed by Corapi and Zerga ("California Insurance Code case"), and In re Tenet Healthcare Cases III, Judicial Council Coordinated Proceeding 4301 (Shasta County 2002), a tort action pending on behalf of several hundred plaintiffs against the cardiac surgeons and group ("State Tort case").

The general terms of the global resolution are as follows:

- The United States will receive a total payment of $1.4 million from Fidel Realyvasquez, M.D. ("Dr. Realyvasquez"). Payment from Dr. Realyvasquez will be received within 30 days of the effective date of the settlement agreement.

- The United States will receive a total payment of $1.4 million from Chae Moon, M.D. ("Dr. Moon"). Payment from Dr. Moon will be received within 30 days of the effective date of the settlement agreement.

- The United States will receive a total payment of $250,000 from Kent Brusett, M.D. ("Dr. Brusett"). Payment from Dr. Brusett will be received in equal yearly installments over 10 years. The first payment shall be received within 90 days of the effective date of the settlement agreement.

- The United States will receive a total payment of $5.5 million from Tenet Healthcare Corporation, Tenet HealthSystems Hospitals, Inc. and Redding Medical Center, Inc. (hereafter collectively "Tenet/RMC") to fulfill Tenet/RMC's final accounting and data reconciliation obligation from the original settlement with Tenet/RMC in August 2003. Payment from Tenet/RMC will be received within 30 days of the effective date of the settlement agreement.

- Tenet/RMC will pay $1 million in settlement of the California Insurance Code case. Payment will be received by the California Department of Insurance within 30 days of the effective date of the settlement agreement.

Honorable David F. Levi
Honorable William B. Shubb
November 15, 2005
Page 3


- Drs. Realyvasquez, Brusett and Ricardo Javier Moreno-Cabral, M.D. ("Dr. Moreno-Cabral"), and the Cardiac, Thoracic & Vascular Surgery Medical Group will each provide their insurance carrier with a consent to settle under the provisions of their insurance policy and for their insurance coverage limits, an amount previously determined by the superior court to total $24 million, for the purpose of attempting to settle the State Tort case.

- In resolving their respective relator share of the original $54 million settlement with Tenet/RMC, in obtaining another 15% False Claims Act relator share of the additional payments to the United States set forth herein, and in obtaining a 50% share of the California Insurance Code case settlement, Corapi shall receive $2,712,281 and Zerga shall receive $2,712,281, for a total recovery of $5,424,562.

- In resolving his respective relator share of the original $54 million settlement with Tenet and in obtaining another 15% False Claims Act relator share of the additional payments to the United States, Patrick Campbell (Campbell) shall receive $4,457,938.

- Each of the relators agrees that the share set forth herein is reasonable, fair and adequate.  Upon receipt of such payments, Campbell, Corapi and Zerga shall dismiss with prejudice as to each of them the Campbell and Corapi cases and the California Insurance Code case.  Corapi, Zerga and Campbell, and their respective counsel, shall not file or pursue any other federal or state False Claims Act cases or claims against the parties to this settlement and shall provide full and final releases for attorneys fees, costs, expenses and any other claims, known or unknown, as to each other, Tenet/RMC, Drs. Realyvasquez, Moon, Brusett and Moreno-Cabral, and each and all of their medical corporations.  The release language will incorporate the scope of the release in this paragraph and conform with California law.

- From the payments received by the United States, California shall receive the amount of $419,933.  The amount set forth herein shall represent full and complete payment to California of its respective share of the settlement.

Honorable David F. Levi
Honorable William B. Shubb
November 15, 2005
Page 4


- Upon the effective date of the settlement agreement, Drs. Moon and Realyvasquez agree not to perform any further cardiac procedures or surgeries on any Medicare, Medi-Cal or TRICARE patients.

- The United States reserves all rights to pursue all non-monetary administrative remedies against Drs. Realyvasquez, Moon, Brusett and Moreno-Cabral and all entities, including exclusion from participation in federal or state health care programs. Drs. Realyvasquez, Moon, Brusett and Moreno-Cabral reserve the right to contest any such action.

- The United States' settlement agreements with Drs. Realyvasquez, Moon, and Brusett shall contain the same reservations, releases and other applicable provisions as the United States' $54 million settlement agreement with Tenet/RMC, signed by the undersigned on August 4, 2003, to the extent those terms are not inconsistent with this letter.

- The United States shall provide to counsel for Drs. Moon, Realyvasquez, Brusett and Moreno-Cabral letters advising that the United States Attorney for the Eastern District of California does not intend to initiate or prosecute criminal charges against those physicians and their professional corporations for any allegedly unnecessary cardiac procedures or surgeries, outlier payments, kickbacks, or relocation agreements.

- Upon receiving the payments set forth herein, the United States and the State of California shall dismiss with prejudice the Campbell and Corapi cases as to the settling defendants, and the State of California shall dismiss with prejudice in its entirety the California Insurance Code case.

- The settlement agreement shall provide that Drs. Moon, Realyvasquez, Brusett and Moreno-Cabral, and each and all of their medical corporations, deny liability and that settlement is not an admission of liability, nor an admission of law or facts by the settling parties.

Honorable David F. Levi
Honorable William B. Shubb
November 15, 2005
Page 5


    In light of the settlement agreements, dismissals and releases required to effectuate the global settlement described herein, the parties request that the Court allow 60 days for filing of the dispositive settlement documents.

    Thank you for your assistance in these cases.

                            Very truly yours,

                            McGREGOR W. SCOTT
                            United States Attorney

                       By: /s/ Michael A. Hirst
                            MICHAEL A. HIRST
                            Assistant U.S. Attorney
                            Chief, Affirmative Civil
                            Litigation

cc:   Jim Brosnahan, Esq.
      Roderick Chen, Esq.
      Gary Cohen, Esq.
      Steve Enochian, Esq.
      Matt Jacobs, Esq.
      Bruce Locke, Esq.
      Daniel Marks, Esq.
      Laurie Oberembt, Esq.
      David Rude, Esq.
      Malcolm Segal, Esq.
      Charles Stevens, Esq.
      Tom Temmerman, Esq.